UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARLOS CEJA RODRIGUEZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>A. NEIL CLARK,<br><br>　　　　　　Respondent. | CASE NO. C07-1209-RAJ-MJB<br><br>REPORT AND RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Carlos Ceja Rodriguez, proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Dkt. #5). Respondent has filed a Return Memorandum and Motion to Dismiss, arguing that petitioner is lawfully detained under the Attorney General's discretion pursuant to Section 241 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231, because he is subject to a final order of removal. (Dkt. #12).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #5) be DENIED and that respondent's motion to dismiss (Dkt. #12) be GRANTED.

REPORT AND RECOMMENDATION
PAGE – 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States in July 1989, at San Ysidro, California, without inspection or parole by an Immigration Officer. (Dkt. #13 at R68). On June 2, 1995, petitioner married Daisy Delilah Olvera, a United States citizen, in Hermiston, Oregon. (Dkt. #13 at L5). On March 21, 1997, petitioner filed an I-485 Petition to Adjust Status to Lawful Permanent Resident. (Dkt. #13 at R70-76). At the same time, his wife filed an I-130 Petition for Alien Relative supporting his I-485 petition. (Dkt. #13 at R69, L7-8).

On February 25, 1998, petitioner was arrested at Camp Pendleton, California, where he was living with his wife who was serving as a Private First Class in the United States Marine Corps. (Dkt. #13 at R32). The investigation report indicates that petitioner held a knife to his wife's throat and ordered her to have sexual intercourse with him. *Id.* Ms. Rodriguez fled from the attack and contacted the military police. *Id.*

On or about June 10, 1998, Ms. Rodriguez wrote a letter to the former Immigration and Naturalization Service[1] ("INS") withdrawing her I-130 petition because she was divorcing petitioner. (Dkt. #13 at R37, R70). Consequently, the INS denied petitioner's I-485 petition and revoked his employment authorization in December 1999. (Dkt. #13 at R70-71).

On July 28, 2000, the INS served petitioner by certified mail with a Notice to Appear ("NTA"), charging him with removability pursuant to INA § 212(a)(6)(A)(i) for being present in the United States without being admitted or paroled. (Dkt. #13 at R68). Petitioner signed the postal receipt of the NTA on August 7, 2000. (Dkt. #13 at R67). On October 3, 2000, petitioner

---

[1] Effective March 1, 2003, the Immigration and Naturalization Service was abolished pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub. L. 107-296, *codified at* 6 U.S.C. § § 101, *et seq.*, and its immigration functions were transferred to the Department of Homeland Security ("DHS").

REPORT AND RECOMMENDATION
PAGE – 2

appeared for a master calendar hearing before an Immigration Judge ("IJ"), and acknowledged receipt of the NTA. (Dkt. #13 at L75). The IJ advised petitioner of the charges against him and of the consequences of failing to appear for an immigration hearing. *Id.* The IJ personally served petitioner with a Notice of Hearing set for December 5, 2000. *Id.* On December 5, 2000, however, petitioner failed to appear for his immigration hearing and the IJ ordered him removed *in absentia*. (Dkt. #13 at R80).

On March 27, 2007, ICE arrested petitioner at his place of employment in Hermiston, Oregon. (Dkt. #13 at R85). On April 3, 2007, petitioner filed a motion to reopen his removal proceedings with the Immigration Court, claiming that he never received the NTA or Notice of the December 5, 2000, immigration hearing. (Dkt. #13 at L63). The IJ denied petitioner's motion to reopen on April 20, 2007. (Dkt. #13 at L73-75). Petitioner appealed the IJ's denial of his motion to reopen to the Board of Immigration Appeals ("BIA"), who dismissed the appeal on July 16, 2007. (Dkt. #12, Ex. A).

On August 8, 2007, petitioner filed a Petition for Review of the BIA's denial of his motion to reopen with the Ninth Circuit Court of Appeals, along with a motion for stay of removal. *Carlos Rodriquez Ceja v. Mukasey*, No. 07-73110 (filed Aug. 8. 2007). Under Ninth Circuit General Order 6.4(c)(1)(3), this caused a temporary stay to automatically issue. *Id.* The Government filed its brief in opposition to the motion for stay on August 31, 2007. *Id.*

On August 20 and 28, 2007, petitioner also filed additional motions to reopen with the Immigration Court and the BIA. (Dkt. #12, Exs. B, C). The BIA dismissed the second motion to reopen on September 20, 2007. (Dkt. #12, Ex. D). The Immigration Court motion to reopen remains pending.

On January 14, 2008, the Ninth Circuit denied petitioner's motion for stay of removal.

REPORT AND RECOMMENDATION
PAGE – 3

*Carlos Rodriquez Ceja v. Mukasey*, No. 07-73110 (filed Aug. 8. 2007). Petitioner's Petition for Review remains pending in the Ninth Circuit.

## III. DISCUSSION

Section 241(a)(1)(A) of the INA states that "[e]xcept as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall removed the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A). S*ee also Thai v. Ashcroft*, 366 F.3d 790, 793 (9th Cir. 2004) ("When a final order of removal has been entered against an alien, the Government must facilitate that alien's removal within a 90-day 'removal period.'"). The removal period begins on the latest of the following:

    (i) The date the order of removal becomes administratively final.

    (ii) <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order</u>.

    (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B)(emphasis added); s*ee also Khotesouvan v. Morones*, 386 F.3d 1298, 1300 n.3 (9th Cir. 2004) (stating that the 90-day removal period commences on "the date the order of removal becomes final; the date a reviewing court lifts its stay following review and approval of the order of removal; or the date the alien ordered removed is released from non-immigration related confinement."). During this removal period, continued detention is required. INA § 241(a)(2), 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien."). Where removal cannot be accomplished within the 90-day removal period, detention beyond the removal period is authorized by INA § 241(a)(6), 8 U.S.C. § 1231(a)(6); *see Zadvydas v. Davis*, 533 U.S. 678, 682, 121 S. Ct. 2491, 150 L. Ed. 2d 653

REPORT AND RECOMMENDATION
PAGE – 4

(2001). In *Zadvydas,* the Supreme Court determined that the Government is entitled to a presumptively reasonable period of detention of six months to bring about the alien's removal from the United States. *Zadvydas*, 533 U.S. at 701. After this six month period, the alien is eligible for conditional release upon demonstrating that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id.* The petitioner has the burden of coming forward with "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If the petitioner meets this burden, the government must produce sufficient evidence to rebut petitioner's showing. *Id.*

In the present case, the Ninth Circuit denied petitioner's motion for stay of removal on January 14, 2008, thereby commencing the removal period. *See* INA § 241(a)(1)(B)(ii), 8 U.S.C. § 1231(a)(1)(B)(ii). Thus, petitioner's 90-day removal period will expire on or about April 14, 2008, and the six month presumptively reasonable period will expire on or about July 14, 2008. Accordingly, the habeas petition should be denied as petitioner's detention is lawful, and authorized by statute.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of January, 2008.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 5